R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 16 2022

**CASE NO.: 22-55771**

FILED
DOCKETED
DATE

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**In re**: *Kimberly Martin-Bragg aka Kimberly Barbour,*
*Debtor,*

IVAN RENE MOORE, PRO SE
Plaintiff/Creditor-Appellant
v.
KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR; et al.,

Defendants-Appellees

ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

HON. STEPHEN V. WILSON, Judge Presiding

Case No. 2: 22-cv-02973-SVW
ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES
BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
JUDGE BARRY RUSSEL
Case No. 2:16-bk-22878-BR

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO CONSOLIDATE THREE APPEALS
**and**
**Request for Sanctions under Federal Rule 11 and 28 U.S.C. § 1927 against Mr. Steven A. Schuman, an Officer of the Court**

IVAN RENE MOORE
Plaintiff-Appellant, in Pro se

**ORIGINAL**

TABLE OF CONTENTS ............................................................ i

TABLE OF AUTHORITIES...................................................... ii

INTRODUCTION ................................................................... 2

BACKGROUND ..................................................................... 5

ARGUMENT ......................................................................... 14

    A.  Consolidation does not Serve the Interest of Justice........................14

    B.  Judicial Economy does not Weigh Heavily in Favor of Consolidation.....17

    C.  There Will Be Delay if the three Appeals Are Consolidated…...………..18

    D.  Sanction against Mr. Steven A. Schuman for willful misrepresentation of material fact is warranted……………………………….…...…..…… 18

CONCLUSION ................................................................... ..24

# TABLE OF AUTHORITIES

Cases          Page

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685, 689 (9th Cir. 1988)………...………………………………………2

*Universal Oil Products Co. v. Root Ref. Co.*,
328 U.S. 575, 580 (1946)…………………………………………………………13

*United States v. State of Wash.*,
573 F.2d 1121, 1123 (9th Cir. 1978)………………..………………………………14

*Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978) aff'd,
645 F.2d 699 (9th Cir. 1981)……………………………………………………13


## FEDERAL STATUTES

11 U.S.C. § 521……………………………………...………………….…13

11 U.S.C. § 523(a)(6)……………….………………………………….…..20

18 U.S.C. § 152……………………………...………………….………13

18 U.S.C. § 157……………………….…..…………………….………13

28 U.S.C. § 158(a)…………………………………..……………….…...16

28 U.S.C. § 1334(b)……………………………………….……………….16

28 U.S.C. § 1927……………….……………………...………………….21

**FEDERAL RULE OF APPELLATE PROCEDURE**

FRAP 3(b)(2)………...…………………..……………………………………..3,14

**FEDERAL RULE CIVIL PROCEDURE**

Fed. R. Civ. P. 11……………………………………..…………………………21

Fed. R. Civ. P. 11(b)(2)…………………….....……………………………….. 21

Fed. R. Civ. P.  (b)(3)…………………………......……………………….. 21

Fed. R. Civ. P. 60(d)(3)…………………………………………………………13

**TO HONORABLE JUSTICES OF THE NINTH CIRCUIT COURT OF APPEALS AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

May it please the Court, the Judgment Creditor/Appellant, Ivan Rene Moore, respectfully file his response in Opposition to the Debtor and Appellee's motion to administratively consolidate the appeal filed in Ninth Circuit appeal **No. 22-55771** with the Appeals in Ninth Circuit Case Numbers: **22-55811**, and **22-55914.**

The late requested consolidation in the instant case will unduly prejudice the Appellant/Creditor who has already filed three separate Appellant's Opening Brief with divergent issues presented for Appellate review.

The three Appeals challenged the decisions of three separate District Court Judge, namely, Hon. Percy Anderson in District Court Case No. **2:22-cv-04454 PA**; Hon. Judge Stephen V. Wilson, in District Court Case No. Case No. **2:22-cv-02973-SVW**, and Hon. Dolly M. Gee, in District Court Case No.**CV 22-3451-DMG**, and the orders dismissing the three Bankruptcy Appeals Appeals do not raise the same issue for review and on the grounds that consolidation is not warranted in the interest of justice, impedes judicial economy, and would result in unnecessary delay as Appellant hereby, herein show onto the Court [infra]:

1

## I.    Introduction

On 10/05/2022, Appellant timely filed his Appellant Opening Brief in the Ninth Circuit, in Case**: 22-55771, 10/05/2022, ID: 12556897, Dkt Entry: 4-1.** This Appeal, **No. 22-55771** arises out of the District Court's August 8, 2022, order dismissing Creditor, Ivan Rene Moore's Bankruptcy Appeal in District Court Appeal Case No.: **2:22-cv-02973-SVW**, which arises out of the Bankruptcy Court's clear error in dismissing Appellant's Bankruptcy Appeal for lack of prosecution notwithstanding that Appellant timely filed Notice of Appeal and was actively prosecuting his Appeal.

Judgment by Default is disfavored where a party's actions demonstrated a "purpose to defend the suit" See, cf. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988). (citation omitted). The United States District court erred in failing to exercise its authority to make findings as to whether Appellant had filed all required documents for the Appeal and to make findings justifying dismissal of Appellant's Appeal for failure to prosecute. The Notice regarding the ordering of transcripts and a statement of issue on appeal and the designation of records documents, which the court below claimed were not filed and which formed the basis of the lower court's dismissal of Appellant's Appeal for lack or prosecution were filed on May 4, 2022, and Appellant was actively prosecuting his Appeal.

2

As such, the issues raised in this Appeal **Case: 22-55771,** is not related to issues raised in Appeal Case numbers: **Case: 22-55811, and Case: 22-55914.**

Appellant Moore timely filed Notice of Appeal to the United States Ninth Circuit Court of Appeal on Appellant /Plaintiff timely filed notice of Appeal in the United States District Court on August 9, 2022, following the District Court's dismissal of Appellant's Appeal in Case No.: **2:22-cv-02973-SVW** for want of prosecution after Creditor/Appellant's request for reinstatement that was filed on 7/5/22 was denied by the District Court on 8/2/22. **[Dkt-16.].** The Debtor was promptly served with the Notice of Appeal.

After being dully served with Notice of Appeal and after the filing of Appellant's Moore's Opening Brief in the Ninth Circuit, the Debtor Martin-Bragg-Barbour filed her untimely Motion to administratively consolidate this Appeal with Appellant's Appeal in Case No. 22-55811 and 22-55914.

"When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." FRAP 3(b)(2). This rule was adopted to encourage consolidation of appeals whenever possible. See 1967 Advisory Committee Notes to FRAP 3. In the instant case, the Debtor/Appellee's motion to administratively consolidate Appeal case Numbers: 22-55771, 22-55811, and 22-55914 is untimely and must be summarily denied because the Debtor failed to file a motion to consolidate when she was served with notices of Appeal.

3

Further, the Debtor Martin-Bragg-Barbour failed to cite any legal authority what-so-ever that allows the appellee Martin-Bragg-Barbour to file a motion to consolidate appeal which raise different issues for review and Appeal which arise from decisions from three different United States District Court Judges. Additionally, the Debtor Martin-Bragg-Barbour Appellee have failed to cite to any case law or statute to support her untimely motion after she failed to file motion to consolidate when she was served with Notice of Appeal to which Appellant has filed his Appellant's Opening Brief with the Ninth Circuit Court of Appeals. **[Case: 22-55771, 10/05/2022, ID: 12556897, Dkt Entry: 4-1.].**

The Debtor/Appellee's motion to administratively consolidate Appeal case Numbers: 22-55771, 22-55811, and 22-55914 must be summarily denied on the grounds that consolidation is not appropriate, and the interests of justice does not dictate that this Court consolidate appeal which arise from decisions of three different United States District Court Judges.

Additionally, Judicial Economy does not weigh heavily in favor of Consolidation. Further, consolidation in the instant case will unduly prejudice the Appellant/Creditor who has already filed three separate Appellant's Opening Brief with divergent issues presented for Appellate review. Moreover, there will be substantial delay and major cost to this Appellant Moore if the three Appeals are Consolidated.

Appellant has already filed his Appellant Opening Brief in Appeal case Numbers: 22-55771, 22-55811, and 22-55914 and the Debtor and Appellee has not filed her Appellee's brief in response to the different issues raised in Appellant's Opening Briefs Ibid. The Debtor has failed to cognizably demonstrate the issues in Appeal numbers: 22-55771, 22-55811, and 22-55914. The Debtor Martin-Bragg-Barbour has failed to clearly show the issues are substantially similar for Appellate review; therefore, consolidation is not warranted in the instant case.

## II.   Prefatory Background

The issues presented in this Appeal, **No. 22-55771** arises out of the District Court's August 8, 2022, order dismissing Creditor, Ivan Rene Moore's Bankruptcy Appeal in District Court Appeal Case No.: **2:22-cv-02973-SVW**, which arises out of the Bankruptcy Court's clear error in dismissing Appellant's Bankruptcy Appeal for lack of prosecution notwithstanding that Appellant timely filed Notice of Appeal and was actively prosecuting his Appeal.

### This Appeal, Ninth Circuit Appeal No. 22-55771

This Appeal seeks reversal of District Court's dismissal of Creditor's Appeal for want of prosecution. On May 3, 2022, Appellant filed a Notice of Appeal and Statement of election in response to Bankruptcy Court Order finding Appellant, Ivan Rene Moore in Contempt of Court for willful Violation of the Discharge Injunction

5

under 11 USC 524 and Imposing Sanctions entered on 4/26/2022 by Bankruptcy Judge Barry Russell.

On May 4, 2022, Appellant filed a Notice of Appeal and Statement of election as well as Appellant's designation of record, statement of issue presented and Appellant's notice regarding the Ordering of Transcript were lodged with the United States District Court. (Dkt.l.). On June 6, 2022, an erroneous Bankruptcy Court's Appeal Deficiency Notice regarding and claiming the Notice of Transcript was not filed as required by FRBP 8003 and 8009, when in fact it was timely filed (Dkt.8.). On June 10, 2022, the United States District Court entered an Order to show cause why Appellant's Appeal should not be dismissed for lack of prosecution for allegedly failure to designation of record; a statement of issue on appeal and a notice regarding the Ordering of Transcript all which were already filed by Appellant and transmitted to the United States District court on May 4, 2022. The Appellant Moore responded to the Courts OSC based on incorrect and false information on June 15, 2022.

On June 23rd, 2022 the United States District Court based on the false information incorrectly, and erroneously entered Civil Minute Order in chambers dismissing Appellant's Bankruptcy Appeal for lack of prosecution. The United States District Court based on false and incorrect information erroneously dismissed Appellant's Appeal June 23, 2022, (Dkt-12), claiming that Appellant failed to

respond to Order to show cause (OSC). Again, Appellate Moore responded to the Court's OSC on June 15th, 2022.

The Order to cause which Plaintiff responded was premised upon the lower court's erroneous finding that Appellant Moore failed to file a notice regarding the Ordering of Transcripts (see, Dkt-8, DEFICIENCY NOTICE regarding Notice of Transcript not filed as required by FRBP 8003 and 8009.). Appellant had already filed and made part of the record on May 4, 2022 notice regarding the ordering of transcripts which was timely filed within fourteen days of filing the Notice of Appeal. Appellant Moore did in fact timely responded to the court's OSC re Dismissal on June 15, 2022. On July 5 2022 Appellant filed a motion to reinstate the Appeal on July 5, 2022. (Dkt-13). On August 2, 2022, the lower court denied Appellant's motion to reinstate the Appeal. (Dkt-14).

Accordingly, as delineated above, the issue presented for Appellate review in this Appeal is substantially different from the issues raised on Appeal case numbers: 22-55771, 22-55811, and 22-55914

## **Appellant's Issues raised in Ninth Circuit Appeal Case: 22-55771, filed on 10/05/2022, ID: 12556897, Dkt Entry: 4-1**

On 10/05/2022, Appellant Moore filed his Appellant's Opening Brief challenging the District Court's erroneous dismissal of Appellant's Bankruptcy

Appeal after Appellant had perfected his Appeal and had filed his Appellant's Opening Brief. [Dkt.14].

The District Court abused its discretion and erroneously dismissed Appellant's Bankruptcy Appeal Case No. CV22-2973-SVW. The District Court's dismissal of Appellant Bankruptcy Appeal was "based on incorrect and erroneous information provided and all documents required to perfect his Appeal were duly filed. Appellant's Case was closed as of June 23, 2022. [please see, **Exhibit A., Case 2:22-cv-02973-SVW Document 15 Filed 08/09/2022**]. Appellant filed a motion to re-instate his Appeal based of the District Court's error that Appellant failed to Prosecute his Appeal. Appellant also provided documentation proving that Appellant responded to the Courts OSC. **(See Exhibit B Pg. 13, letter dated 6/15/22)**

In this Appeal, Appellant had filed Appellant's Opening Brief in his Bankruptcy Appeal prior to the District Court erroneous dismissal. **[please see, Case: 22-55771, 10/05/2022, ID: 12556897, Dkt Entry: 4-1.].** Appellant's Opening Brief filed with the Ninth Circuit raised the following issues for review:

- Whether the United States District court committed substantial prejudicial error and reversible error when it dismissed Appellant's Bankruptcy Appeal for lack of prosecution when Appellant timely filed Notice of Appeal to appeal the clear error of the Bankruptcy Court finding Appellate in violation of discharge injunction?

8

- Whether the United States District court committed substantial prejudicial error and reversible error it dismissed Appellant's Bankruptcy Appeal for lack of prosecution when in fact Appellant timely filed Notice of Appeal, designation of record, statemen of issues presented and notice regarding the ordering of transcript of the Bankruptcy Court's proceeding?

- Whether the United States District court abused its discretions by failing to reinstate Appellant's Appeal when the record shows there were no deficiency in Appellant's Appeal and Appellant had and did timely filed notice of Appeal; designation of record on appeal and Notice regarding the Ordering of Transcripts?

**[please see, Case: 22-55771, 10/05/2022, ID: 12556897, DktEntry: 4-1.].**

***Appellant's Issues raised in Ninth Circuit Appeal Case: 22-55811, ID: 12573714, DktEntry: 3***

On 10/26/2022, Appellant filed his Appellant's Opening Brief challenging the District Court's erroneous dismissal of Appellant's Bankruptcy Appeal after Appellant had perfected his Appeal and had filed his Appellant's Opening Brief. [Dkt.14].    The District Court abused its discretion and erroneously dismissed Appellant's Bankruptcy Appeal Case No. **2:22CV 04454-PA**. **[District Ct. Dkt. 14],** claiming that Appellant's Appeal Case was opened in error because Appellant was declared vexatious in case no. **2:17- CV-04828-ODW(GJS).**

9

Appellant had already filed Appellant's Moore's Opening Brief in his Bankruptcy Appeal prior to the District Court erroneously dismissal. **[please see, Case 2:22-cv-04454-PA Document 13 Filed 08/24/22].**

In this Appeal, Appellant had already filed in Appellant's Opening Brief in his Bankruptcy Appeal to wit, the following issues were raised:

- Whether--United—States District Court -erred when it administratively closed Appellant's Bankruptcy Appeal when Appellant timely filed his Appellant Opening Brief, Appealing the decision of the Bankruptcy Court's denial of motion for clarification that is unrelated to the prior District Court's vexatious litigant injunction?

- Whether the district court deprived Appellant of his fundamental right to access the court when it administratively closed Appellant's Bankruptcy Appeal and prevented Appellant to Appeal Bankruptcy court's clearly erroneous order which denied Appellant's motion for clarification?

- Whether the vexatious litigant injunction in the District court which forbids Appellant from challenging Wells Fargo's Right to levy and sell Personal Property cannot deprive Appellant from filing his Bankruptcy Appeal in the District Court when the issue that gave rise to the vexatious litigant injunction is Moot and unrelated?

**[please see, Case: 22-55811, filed on 10/26/2022, ID: 12573714, Dkt Entry: 3].**

**<u>Appellant's Issues raised in Ninth Circuit Appeal Case: 22-55914</u>**

In Ninth Circuit Appeal Case: 22-55914, Appellant raised the following issues for review:

- Whether United States District Court erred when it concluded that Appellant's Appeal from the Bankruptcy Court clearly erroneous order denying Appellant's Motion for Evidentiary hearing and discovery occasioned by the Debtor and her Attorneys' misrepresentation of the debtor's worth in her Bankruptcy statements and schedules in order to qualify for a Chapter 7 bankruptcy is subject to the requirements of the Vexatious Litigant Order imposed by District Court Judge, Otis Wrights in in *Moore v. Wells Fargo Bank, N.A.*, et.al, in Case No.: 2:17-cv-04828-ODW(GJS) on May 17, 2018?

- Whether United States District Court erred when it concluded that Appellant's Appeal from the Bankruptcy Court clearly erroneous order denying Appellant's Motion for Evidentiary hearing and discovery occasioned by the Debtor and her Attorneys' Fraud Upon the Court is subject to the requirements of the Vexatious Litigant Order imposed by District Court Judge, Ottis Wrights in in *Moore v. Wells Fargo Bank, N.A.*, et.al, in Case No.: 2:17-cv-04828-ODW(GJS) on May 17, 2018?

- Whether the district court deprived Appellant of his fundamental right to access the court when it had ex parte communication with the Debtor and Attorneys and considered the Debtor's motion for Special Appearance without notifying Appellant of the date and time of the hearing for Debtor's "Special Appearance?

11

- Whether the vexatious litigant injunction in the District court which forbids Appellant from challenging Wells Fargo's Right to levy and sell Personal Property cannot deprive Appellant from filing his Bankruptcy Appeal in the District Court when the issue that gave rise to the vexatious litigant injunction is Moot and unrelated?

**Debtor's Motion to Consolidate**

The Debtor's Martin-Bragg Barbour's motion to consolidate Appeal case Numbers: 22-55771, 22-55811, and 22-55914, is replete with willful mischaracterization and knowing and purposeful misrepresentations and omission of facts concerning the proceedings in the district court and in bankruptcy court. For example, the Debtor contends that "Barbour was forced to return to Bankruptcy Court to move for her case to be reopened for the limited purpose of filing a request for an order to show cause that Moore be held in contempt for willful violation of the discharge injunction." **(Mnt. to consolidate at. p.8., ¶ 2.).**

Appellant contends that the Debtor's assertion Ibid is blatantly false. The bankruptcy record shows that the Debtor's bankruptcy was re-opened for all purpose to wit, the Bankruptcy Court permitted the Creditor/Appellant to file two Adversary proceeding complaints which alleged *inter alia*, **Bankruptcy fraud** and **fraud upon the court** where Mr. Steven A. Schuman, an Officer of the Court and the Debtor's Attorney in the instant Appeal is implicated in the Fraud.

12

Specifically, on July 7th, 2021, Appellant and Creditor, Ivan Rene Moore ("Mr. Moore"), discovered that Defendants, STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, and the LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP, knowingly and intentionally committed a fraudulent act by failing to list the assets in their possession and control valued in the millions of dollars by Judge Rosenblatt on the appropriate bankruptcy schedule. This Fraud was committed to prevent the creditor's and others personal property from being considered by the Bankruptcy Court and the Bankruptcy Trustee; and Debtor Martin-Bragg-Barbour knowingly made false statements under the penalty of perjury in the bankruptcy petitions, schedules and paperwork, the falsification of financial documents were used to support a credit request and misrepresented the debtor's worth in Kimberly Martin-Bragg-Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding in violation of **11 U.S.C. § 521** and **18 U.S.C. § 157**, **18 U.S.C. § 152**, and for relief under Fed. R. Civ. P. 60(d)(3) which sets forth grounds upon which the Court may relieve a party from a final judgment or order. Rule 60(d)(3) is a codification of the Court's "inherent power … to investigate whether a judgment was obtained by fraud." *Universal Oil Products Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946).

//

//

13

"There is no statute of limitations for fraud on the court. And jurisdiction exists to consider such a claim even if there are no adversary parties then present before the court." *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978) aff'd, 645 F.2d 699 (9th Cir. 1981).

Furthermore, the Debtor Martin-Bragg-Barbour failed to demonstrate that the Ninth Circuit Court of appeals will have to review the same issues in each separate appeal she sought to be consolidated.

As such, consolidation is not warranted in the interest of judicial economy. In light of the importance and complexity of divergent issues raised for Appellate Review in Appeal case Numbers: 22-55771, 22-55811, and 22-55914, Creditor-Appellant believes that consolidation is not warranted in review of the matters before this Honorable Court which focuses on the Appellant's fundamental rights to due process and his right to access the court.

## III.  Argument

When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." FRAP 3(b)(2). This rule was adopted to encourage consolidation of appeals whenever possible. See 1967 Advisory Committee Notes to FRAP 3.  Here, consolidation is simply not possible for the reasons articulated [supra] in this opposition.

14

Further, Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice. See, *United States v. State of Wash.*, 573 F.2d 1121, 1123 (9th Cir. 1978). Here, consolidation of the three appeals is not appropriate and justice cries out that the Debtor's motion for consolidation be denied in its entirety.

## A. Consolidation in this instance action does not Serve the Interest of Justice

Consolidation will not serve the interest of justice because the three Appeals challenged the decisions of three different District Court Judges, namely, **Hon. Percy Anderson** in District Court Case No. **2:22-cv-04454 PA**; **Hon. Judge Stephen V. Wilson**, in District Court Case No. Case No. **2:22-cv-02973-SVW**, and **Hon. Dolly M. Gee**, in District Court Case No.**CV 22-3451-DMG**, and the orders dismissing the three Bankruptcy Appeals do not substantially raise the same issues for review. To avoid the potential for injustice to Appellant and to avoid conflicting decisions, this Court should not consolidate the three appeals arising out of three different district court proceedings.

In the Debtor's Martin-Bragg-Barbour motions to consolidate brough by her Attorney, Mr. STEVEN A. SCHUMAN, an Officer of the Court and a co-defendant in Bankruptcy Fraud and Fraud Upon the Court, Mr. STEVEN A. SCHUMAN and the Debtor contends that "All three involve Appellant Ivan Rene Moore's violation of the District Court pre-filing (vexatious litigant) order entered on May 17, 2018 in

Moore v. Wells Fargo Bank, et.al., C.D. Cal. Case No. CV 17-4828-ODW (GJSx)" **(Mnt. to consolidate at. p.3., ¶ 1.),** yet**,** Mr. STEVEN A. SCHUMAN and the Debtor failed to delineate the vice encounter in the vexatious order *Ibid,* which has since been **MOOT** for years.

Mr. Steven A. Schuman and the Debtor also purposely omitted the issues raised in Appellant's Appeal No. 22-55771; 22-55811 and 22-55914 as well as Mr. Steven A. Schuman ex parte communications with the clerks of Hon. Percy Anderson in District Court Case No. **2:22-cv-04454 PA**; Hon. Judge Stephen V. Wilson, in District Court Case No. Case No. **2:22-cv-02973-SVW**, and Hon. Dolly M. Gee, in District Court Case No.**CV 22-3451-DMG** in his quest to interfere with Appellant's Bankruptcy Appeal.

One of such *ex parte communications* resulted in Mr. Steven A. Schuman filing a "Special Appearance" in Hon. Dolly M. Gee's Court Room, in District Court Case No.**CV 22-3451-DMG** without notice to Appellant. There are no federal appellate court rules of procedure for "Special Appearance" in the United States Bankruptcy Appeal when the Debtor appeared in her Bankruptcy Proceeding. The District Court exercised appellate jurisdiction over the bankruptcy court pursuant to 28 U.S.C. § 158(a).

//

//

16

Further, in an appeal from the bankruptcy court, the District Court sits as an Appellate reviewing court. 28 U.S.C. § 1334(b) and the United States Congress did not carve out "*Special Appearance in Appellate Court Proceeding in the United States.*

Appellant contends that Mr. Steven A. Schuman and the Debtor Martin-Bragg-Barbour orchestrated a plan and scheme to contact the court clerks in their zeal to interfere with Appellant's Bankruptcy Appeals in the quest to prevent the Bankruptcy Fraud and Fraud Upon the Court's claims from being adjudicated impartially in the Court of law.

**B. Judicial Economy does not Weighs Heavily in Favor of Consolidation**

When the appeals court will have to review the same issues in each appeal, consolidation is warranted in the interest of judicial economy. See California v. Mesa, 813 F.2d 960, 961 n. 1 (9th Cir. 1987) (consolidating two separate cases on appeal because "they raise the same legal issues").    Here, appeals No. 22-55771, 22-55811, and 22-55914,  does not raise many of the same legal issues as evidenced in the issue presented for Appellate reviews in Appeals case numbers: 22-55771, 22-55811, and 22-55914.

Furthermore, consolidation will not serve judicial economy and will not prevent uncertainty as to preclusive effects or inconsistent rulings because the decisions being appealed are prejudicial errors of **Hon. Percy Anderson** in District

17

Court Case No. **2:22-cv-04454 PA**; **Hon. Judge Stephen V. Wilson**, in District Court Case No. Case No. **2:22-cv-02973-SVW**, and **Hon. Dolly M. Gee**, in District Court Case No.**CV 22-3451-DMG** all of which requires independent Appellate reviews.

### C. There Will Be Delay if the three Appeals Are Consolidated

Consolidation of these appeals will result in a substantial delay in the adjudication of these matters. Appellant would have to seek leave of Court to re-draft his Appellant Opening brief to incorporate his Appeals in Appeal Case numbers: 22-55771, 22-55811, and 22-55914 into one document; draft a separate motion for permission to file oversized Appellant Opening Brief and Oversized reply brief to adequately address the issues raised in the three Appeals.

### D. Sanction against Mr. Steven A. Schuman is warranted

In the motion for consolidation, **Mr. Steven A. Schuman** made false, misleading, and unsupported factual assertions when he stated that:

> In 2012, Moore sued Barbour in State Court for Conversion of the personal property that was security for Wells Fargo loan. For reasons that are unclear to current Counsel, the State Court refused to allow Barbour to defend herself by telling the jury that she turn over the property to U.S. Marshall pursuant to a valid writ of execution in favor of Wells Fargo. As a result, Moore prevail at trial. **(Mnt. to consolidate at. p.5., ¶ 2.2.).**

Appellant contends that Mr. Steven A. Schuman made the false statement Ibid, knowing it to be false in order to further defraud this Honorable Court. In fact Appellant, Moore, did not sue Barbour in States Court for Conversion of the personal

18

property that was security for Wells Fargo loan. Amidst his lies, and willful and knowing false statement Ibid, Mr. Steven A. Schuman forgot or perhaps inept of the fact that Moore does have standing to sue Barbour in States Court for Conversion of the personal property that was security for Wells Fargo loan.

Mr. Steven A. Schuman assertion that "For reasons that are unclear to current Counsel, the State Court refused to allow Barbour to defend herself by telling the jury that she turned over the property to U.S. Marshall pursuant to a valid writ of execution in favor of Wells Fargo. As a result, Moore prevail at trial. **(Mnt. to consolidate at. p.5., ¶ 2.2.),** is blatant and callous disregard of his ethical obligation not misrepresent facts to the court.

### The Untold Truth by Mr. Steven A. Schuman, an Officer of the Court

On July 29, 2013, after a two- week trial in the California Superior Court for conversion, and trespass to chattel, of Appellant-Judgment Creditor, Ivan Rene Moore, ("Mr. Moore" or "Appellant")'s personal property, in Los Angeles Superior Case Number **(LASC #BC480013),** the State Court jury unanimously returned *Special Verdicts* finding that Defendant, Kimberly Martin-Bragg-Barbour intentionally caused injury to Plaintiff, Ivan Rene Moore and to various personal property of Ivan Rene Moore.

19

The State Jury awarded **$5.6 Million** in damages including **$650,000.00** for lost income occasioned by the debtor's intentional and malicious injury to the person of Ivan Rene Moore, and property. **(Exhibit -C,D**.)[1].

Subsequently, on the November 8, 2013, Hon. Michelle Rosenblatt of the California Superior Court reduced the judgment for intentional and malicious tort to $3.15 Million in damages and ordered the returned of personal property that were in the 6150 Shenandoah Avenue, Los Angeles, California, and the properties in Storage to Mr. Moore. **(Exhibit -E)**[2].

Consequently, The California Second District Court of Appeal affirmed the judgment in **Appeal Case #: B276366 (Exhibit -F).** The case in LASC #BC480013 Ibid, arose from the Debtor's intentional and malicious injuries to the person of Mr. Moore and property which is dischargeable under 11 U.S.C. § 523(a)(6).

Mr. Steven A. Schuman, an Officer of the Court, is and was at all times pertinent, aware of these facts Ibid but consciously decided to misrepresent the facts and circumstances of the State Court Judgment. Mr. Steven A. Schuman's statement

---

[1] Jury verdict arising from the Debtor's intentional and malicious injury to the person of Ivan Rene Moore and property.

[2] Hon. Michelle Rosenblatt Ordered that Kimberly Martin-Bragg, the Debtor in the instant case returned all personal properties to Mr. Moore. Mr. Steven A. Schuman, an Officer of the Court, the Debtor's Attorney is aware of these facts. Additionally, Judge Barry Russell, the Bankruptcy court judge was aware of the State Court order when it entered order of discharge which is prohibited under 11 U.S.C. §523(a)(6). 11 U.S.C. § 523(a)(6) prohibits the discharge of debt arising from the Debtor's intentional and malicious injuries to entity and property.

that "For reasons that are unclear to current Counsel, the State Court refused to allow Barbour to defend herself by telling the jury that she turned over the property to U.S. Marshall pursuant to a valid writ of execution in favor of Wells Fargo. As a result, Moore prevail at trial. **(Mnt. to consolidate at. p.5., ¶ 2.2.), is absolute and knowing falsity.** There is no evidence to support Mr. Steven A. Schuman's frivolous assertion that "State Court refused to allow Barbour to defend herself by telling the jury that she turned over the property to U.S. Marshall pursuant to a valid writ of execution in favor of Wells Fargo" **(Mnt. to consolidate at. p.5., ¶ 2.2.). the question beg asking is why is** Mr. Steven A. Schuman, an Officer of the Court, lying on the State Court where he is licensed to practice law.

Mr. Steven A. Schuman, willful and intentional misrepresentation Ibid raises a matter of public concern to wit, a referral must be made to the **State Bar of California** for willful misrepresentation of facts pertaining to the State court proceeding to the Ninth Circuit Court of Appeals and made in callous disregards to the right of Mr. Moore, the Appellant in the instant case.

Appellant Moore contends that sanctions are warranted under Rule 11 and 28 U.S.C. § 1927 against Mr. Steven A. Schuman, an Officer of the Court, and Counsel for the Debtor/Appellee because Mr. Steven A. Schuman, an Officer of the Court, knowingly and purposefully made false, misleading, and unsupported factual assertions in their motion to consolidate the three appeals, and that their claims for

21

consolidation of the three appeals did not have an adequate factual or legal basis grounded in a reasonable pre-filing inquiry, in violation of Rules 11(b)(2) and (b)(3).

Appellant Moore further contends that by engaging in knowing and willful misrepresentation in the Motion to consolidate the three Appeals, Mr. Steven A. Schuman, an Officer of the Court, and Debtor's Attorney acted in bad faith and recklessly in unreasonably and vexatiously seeking to consolidate the three Appeals based on frivolous claims or baseless assertions in violation of Federal Rule 11 and 28 U.S.C. § 1927.

Mr. Steven A Schuman, attorney for the Debtor Martin-Bragg-Barbour has been completely untruthful to this Honorable Court. Mr. Steven A Schuman was and is well aware that on July 7th, 2021 based on a Writ Of Execution, **(See Exhibit G).**

The Los Angeles Sheriff's Department raided Kimberly Martin-Bragg-Barbour's resident located at 6150/6160 Shenandoah and found Appellant Moore's and others persons Automobiles, Motorcycle parts, Personal Property, Personal legal Documents, Moore family heirlooms, real property deeds, master recording, recording equipment and various musical orchestration for the Los Angeles Philharmonic, and copyright contracts and publishing contracts, etc.

//

//

22

All property was valued by a Los Angeles Superior Court Jury and affirmed by Judge Rosenblatt to be worth in the millions of dollars. **(See Exhibit E)**

Judge Rosenblatt's ruling was also affirmed by the California Court of Appeal for the Second District on 9/8/17. **(See Exhibit F)**

On November 8th, 2013, Judge Rosenblatt had lawfully Ordered Kimberly Martin-Bragg-Barbour to return the property to Appellant Moore. Mr. Steven A Schuman falsely claimed that all property was given to Wells Fargo on or about November 8th, 2013, when in fact Kimberly Martin-Bragg is and was in total violation of Judge Rosenblatt's November 8th, 2013, valid Court Order.

Mr. Steven A Schuman is and was aware of these factors including on July 7th 2021 Los Angeles Sheriff's Department conducted a raid on the Debtor's Marin-Bragg Barbour's resident located at 6150/6160 Shenandoah Ave on July 7th, 2021.

But again, with reckless intent, Mr. Steven A Schuman in bad faith and fraudulent motives and his misconduct. Mr. Steven A Schuman has been willfully untruthful to this Honorable 9th Circuit Court of Appeal. Mr. Steven A Schuman should be sanctioned for his wilful misconduct and wilful falsities to this Honorable Court.

Notwithstanding these irrefutable facts Mr. Steven, A Schuman claimed that the property was turned over to Wells Fargo Bank in or about 2013 prior to the jury verdicts.

23

Yet, the Los Angeles Sherriff's Department raid was conducted on July 7th, 2021, at the residents of Martin-Bragg-Barbour. This Sheriff's raid was conducted based on information that the Debtor Martin-Bragg-Barbour was attempting to sale the assets that Judge Rosenblatt has ordered Martin-Bragg-Barbour to return to the Appellant Moore. **(See Exhibit H, I, J, K)**

Mr. Steven A Schuman attorney willfully and clearly lied to this Honorable Court with an intent to mislead and to gain an unfair advantage based upon his wilful misrepresentations and arguments that Mr. Steven A Schuman knew were false when he proffered the information to this Honorable Court. This request for consolidation should be denied and Mr. Steven A Schuman and the Debtor Martin-Bragg-Barbour must be sanctioned.

IV.    Conclusion

For the foregoing reasons, Appellant respectfully requests that this Court deny the Debtor and Appellee's Motion to consolidate the three Appeals and sanctioned Mr. Steven A Schuman and this debtor Martin-Bragg-Barbour for wilful mis representations to the Court.

December 14th ,2022                         Respectfully Submitted.

                                          Ivan Rene Moore, Pro se
                                          Appellant-Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the:

**APPELLANT'S MOORE'S OPPOSITION TO APPELLEE'S MOTION TO
CONSOLIDATE THREE APPEALS
AND
REQUEST FOR SANCTIONS UNDER FEDERAL RULE 11 AND 28 U.S.C. §
1927 AGAINST MR. STEVEN A. SCHUMAN, AN OFFICER OF THE
COURT**

This Document has been served upon by U.S. Mail, postage prepaid, addressed to:

**SEE ATTACHED SERVICE LIST**

Dated: December 14th ,2022

Ivan Rene Moore
Appellant Pro se

# PROOF OF SERVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On December 14th ,2022 I served the following document:

## APPELLANT'S MOORE'S OPPOSITION TO APPELLEE'S MOTION TO CONSOLIDATE THREE APPEALS
### AND
## REQUEST FOR SANCTIONS UNDER FEDERAL RULE 11 AND 28 U.S.C. § 1927 AGAINST MR. STEVEN A. SCHUMAN, AN OFFICER OF THE COURT

**[X ]   BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.**

[ ]    FED- I declare under the penalty of perjury under the laws of the United States of America.

**I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.**
**DATED:  December 14th 2022**

_____
Devra Allen

26

# SERVICE LIST

**Steven A. Schuman**
**Leonard Dicker and Schreiber LLP**
**10940 Wilshire Boulevard Suite 2100**
**Los Angeles, CA 90024-3936**
**Attorney for Kimberley Martin Bragg**

**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-02973-SVW<br>2:16-ap-1543-ER<br>2:16-bk-22878-BR | Date | June 23, 2022 |
|----------|----------------------------------------------------------|------|---------------|

| Title | In Re Kimberly Martin-Bragg |
|-------|------------------------------|

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|------------------------|-----------------------------------------|

| Paul M. Cruz | N/A | |
|--------------|-----|--|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| N/A | N/A |

**Proceedings:**      IN CHAMBERS ORDER DISMISSING ACTION


The Court, on June 10, 2022, issued an Order to Show Cause (OSC) why this action should not be dismissed for lack of prosecution.

To date, plaintiff has failed to respond to the OSC.

The Court orders the case dismissed.




         : _____

Initials of Preparer      PMC

# EXHIBIT

# **B**

FILED

**IVAN RENE MOORE**
**1236 Redondo Blvd**
**Los Angeles California 90019**
**Phone: (323) 932-9439**
**Ivan Rene Moore In  Pro Se**

2022 JUL -5  PM 2: 23

CLERK ... COURT
CENTRAL DIST. CALIF.
LOS ANGELES

BY:_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IN RE

DEBTOR KIMBERELY MARTIN
BRAGG

IVAN RENE MOORE., an individual(s) et
al.,

                    Plaintiffs-Appellant

v.

KIMRELY MARTIN BRAGG ., an
individual(s) et al.,
                    Defendants-Appellee

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:22-CV-02973-SVW**

**Bankruptcy Case Number**

**2:16-bk-22878 BR**

**Adversary Case Numbers**

**2:16-ap-01543-BR**

**2:22-ap-01058-BR**

**2:22-ap-01080-BR**

**2:16-ap-1543- ER**
**APPELLANT'S MOORE'S REQUEST TO**
**REINSTATE APPEAL IN THIS MATTER**

# ORIGINAL

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

   **APPELLANT-PLAINTIFF IVAN RENE MOORE** hereby respectfully submits and

file his request to reinstate appeal due to this court's Order to Show Cause Re: Dismissal for

Lack of Prosecution filed by this Honorable Court on June 27th, 2022, in this action.

The dismissal was issued by this Court based on incorrect and erroneous information for purported failure to file the required documentation. In fact, and clearly supported by the record and the Case Docket. All the documentation as required had been filed months ago as the Court docket clearly shows. This Court incorrectly and mistakenly found that this Appellant Ivan Rene Moore had not filed the following documentation or reply to this court's ruling June 10th, 2022, in this matter. **(See Exhibit A)**

1. Designation of Record

2. Statement of issues on Appeal

3. Notice of transcript(s)

**This Appellant Ivan Rene Moore, in fact did timely file all the documentation required by the Federal Rules of Court timely months ago. Please notice that all documentation were filed the same day as the Notice of Appeal. (See Exhibit B)**

4. The Designation of Record was filed on May 3, 2022, Docket# 269. **(See Exhibit C)**

5. Statement of issues on Appeal was filed on May 3 2022 Docket# 270.**(See Exhibit D)**

6. The Notice of transcript(s) was filed on May 4, 2022, Docket# 272. **(See Exhibit E)**

Therefore, based on the following provided information and documentation and exhibits this court should reinstate this appeal as requested by this Appellant Moore. The facts clearly show this Appellant did in fact timely filed all the required documentation.

Somehow this Court was misled that this Appellant had not filed the required documentation which was untrue and false. This Court should also be aware that this Appellant spoke to one of the court officers and this appellant Ivan Rene Moore wrote a letter and via US mail on June 15th, 2022, to address this incorrect information regarding this appellant's purported failure to file the documentation timely. **(See Exhibit F)**

2

This appellant has been very diligent in the prosecution of this appeal and has done everything in this Appellant's control to may sure that this appeal stays on a timely path per the Federal Rules of the Court.

## CONCLUSION

Based on the forgoing exhibits and written information and Declaration /Affidavit this Appellant Ivan Rene Moore respectfully requesting this Court to vacate its dismissal based on incorrect and erroneous information and reinstate this appeal as requested by this Appellant Ivan Rene Moore in this matter.

**Respectfully Submitted:**
**Dated: June 30th, 2022**

**Ivan Rene Moore**
**Appellant in Pro se**

3

**DECLARATION/AFFIDAVIT OF IVAN RENE MOORE**

I, Ivan Rene Moore declare as follows:

At all times herein mentioned I am an individual over eighteen (18) years of age, residing in the County of Los Angeles, California. I make this Declaration/Affidavit based on my personal knowledge and of sound mind and if called and sworn, I could and would competently testify to the following:

1. I am the Appellant in this Appeal this is my declaration/ Affidavit in this matter.

2. I received from the United States District Court on about **6/10/22** an Order to Show Cause Re: Dismissal for Lack of Prosecution. **(See Exhibit A)**

3. I wrote a letter to the Court clerk's office regarding this matter.

4. I also called and spoke to a court clerk regarding this matter, and I was told that I should receive a briefing schedule from the court shortly.

5. In fact, I did file all the required documentation as follows.

6. I filed the Designation of Record was filed on May 3, 2022, Docket# 269. **(See Exhibit C)**

7. I filed the Statement of issues on Appeal was filed on May 3 2022 Docket# 270.**(See Exhibit D)**

8. I also filed the Notice of transcript(s) was filed on May 3, 2022 dated May 4th 2022, Docket# 272. **(See Exhibit E)**

   //

   //

   //

4

9. All documentation provided have the filed or received Stamp of the Bankruptcy Court

10. I also paid for the transcription of the transcript in this matter regarding the hearing date 4/19/22.

11. I also sent a letter via US mail to the United States District Court Clerk for Judge Wilson on June 15th, 2022. **(See Exhibit F)**

12. I have been very diligent in this Appeal process to make sure this appeal stays on a timely path per the Federal Rules of Court.

13. Based on the forgoing and the attached exhibits and written information and Declaration/Affidavit this Appellant is respectfully requesting this Court to vacate its dismissal and reinstate this appeal as requested by this Appellant Ivan Rene Moore.

I declare under penalty of perjury the above is true and correct under the laws of the United States of America.  Dated: June 30th, 2022

IVAN RENE MOORE

1

2

**PROOF OF SERVICE**

3

4
I, the undersigned, declare that I am employed in the city of Los Angeles, California.
I am over the age of eighteen (18) years and I am not a party to the within action.

5
**On June 30th 2022, I served the following document:**

6

7
**APPELLANT'S MOORE'S REQUEST TO REINSTATE APPEAL IN THIS MATTER
CASE #2:22-CV-02973-SVW**

8

9

10
**SEE SERVICE LIST**

11
[X ]     BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for
first class mail, for collection and mailing at Los Angeles, California, following ordinary

12
business practices.

13
[ ]     STATE- I declare under the penalty of perjury under the laws of the State of California

14
that the foregoing is true and correct.

15

16
**I declare under penalty of perjury under the laws of the United States of America**

17
**the foregoing is true and correct.**

18
**DATED: June 30th, 2022,**

19

20

21

22
Stan Bethel

23

24

25

26

27

28

**SERVICE LIST**

**Lee T Dicker**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024
310-551-1987
Fax: 310-277-8050
Email: ldicker@ldslaw.com
*LEAD ATTORNEY*


**Steven A. Schuman**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024-3936
310-551-1987
Fax: 310-277-8050
Email: sschuman@ldslaw.com


**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

**Devra Allen**
**6230 Wilshire Blvd, #1111**
**Los Angeles, CA 90048**

# EXHIBIT

# **A**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | 2:22-cv-02973-SVW | **Date** | June 10, 2022 |
| **Title** | In Re Kimberly Martin-Bragg | | |

**Present: The Honorable**   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION

Within fourteen days after filing the notice of appeal, Appellant must file the following with the Clerk of the Bankruptcy Court:

A designation of record
A statement of issues on appeal
A notice regarding the ordering of transcripts

After the designated record is complete, the Clerk of the Bankruptcy Court will transmit to the Clerk of the District Court either the record for this appeal or notice that the record is available electronically. The Clerk of the District Court will then issue a Notice Re: Bankruptcy Record Complete, which will constitute notice, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received by the District Court.

The file in this case lacks the papers that would show it is being timely prosecuted. Accordingly, the Court, on its own motion, hereby orders plaintiff(s) to show cause in writing no later than June 17, 2022 why this action should not be dismissed as to all remaining defendants for lack of prosecution.

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

# 8

# EXHIBIT

# B

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, California 90019<br>323 932-9439 | **FILED**<br><br>MAY - 3 2022<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
| ☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**  ☐

| In re:<br><br>Kimberely Martin-Bragg<br><br><br><br>Debtor(s). | CASE NO.:2:16-BK-22878-BR<br><br>ADVERSARY NO.::2:16-AP-01543-BR<br>*(if applicable)*<br><br>CHAPTER:7 |
|---|---|
| Ivan Rene Moore<br><br><br>Plaintiff(s) *(if applicable)*.<br>vs.<br>Kimberly Martin Bragg<br><br><br>Defendant(s) *(if applicable)*. | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1.  Name(s) of appellant(s): Ivan Rene Moore _____

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☒ Plaintiff
☐ Defendant
☐ Other *(describe)*:

**ORIGINAL**

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☒ Creditor
☐ Trustee
☐ Other *(describe)*:

#9

# EXHIBIT

# C

1    **IVAN RENE MOORE**
     1236 Redondo Blvd
2    Los Angeles California 90019
     (323) 932-9439
3    **Creditor In Pro Se**

```
FILED

MAY - 3 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk
```

4

5

6             **UNITED STATES BANKRUPTCY COURT**

7               **CENTRAL DISTRICT OF CALIFORNIA**

8

9    In re:                  )    **Chapter 7**
                            )
10                             )    **Case No.: 2:16-bk-22878-BR**
                            )
11    **KIMBERLY MARTIN BRAGG (AKA)**    )
   **KIMBERLY BARBOUR,**          )    **[Judge Barry Russell]**
12            *Debtor*         )
                            )
13    _____ )    **APPELLANTS' DESIGNATION OF**
                            )    **RECORD AND STATEMENT OF**
14                             )    **ISSUES TO BE PRESENTED ON**
                            )    **APPEAL**
15

16                             )    Date: **TBD**
                            )    Time: **TBD**
17                             )    Place: **Room 1668**

18                             )

19                             )

20                             )

21                             )                 **ORIGINAL**

22                             )

23                             )

24                             )

25                             )

26                             )

27    _____ )

28

                                                         #10

# EXHIBIT

# **D**

1 | **IVAN RENE MOORE**
**1236 Redondo Blvd**
2 | **Los Angeles California 90019**
**(323) 932-9439**
3 | **Creditor In Pro Se**

FILED

MAY - 3 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

6 | **UNITED STATES BANKRUPTCY COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA**

In re:                                    ) Chapter 7
                                          )
**KIMBERLY MARTIN BRAGG (AKA)**          ) Case No.: 2:16-bk-22878-BR
**KIMBERLY BARBOUR,**                     )
                    *Debtor*               ) [Judge Barry Russell]
                                          )
                                          ) **APPELLANTS' DESIGNATION OF**
                                          ) **RECORD AND STATEMENT OF**
                                          ) **ISSUES TO BE PRESENTED ON**
                                          ) **APPEAL**
                                          )
                                          ) Date: TBD
                                          ) Time: TBD
                                          ) Place: Room 1668
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )

ORIGINAL

# 11

# EXHIBIT

# E

**RECEIVED**

MAY 03 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

ORDER No. _____

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

### TRANSCRIPT ORDER FORM

CHAPTER **7**

(File this form on the related case docket)

APPEAL? ☒Yes ☐No
APPEAL No. _____
*(if known)*

Ordering Party's Name: **Ivan Rene Moore**              Attorney Bar# **Pro Se**

Law Firm: _____

Mailing Address: **1236 Redondo Blvd Los Angeles, California 90019**
_____

Person to Contact (if Judge-ordered: Transcriber to contact Procurement**): **Ivan Rene Moore**

Telephone: (**323** )**932-9439**    E-mail: **moore140@hotmail.com**

Bankruptcy Case #: **2:16-bk-22878-BR**    Adversary Proceeding #/MP #: _____

Date of Hearing (complete a SEPARATE form for EACH hearing date): **4/19/22**   Time: **2:00 pm**

Debtor: **Kimberly Martin Bragg (aka) Kimberly Barbour**

Adversary Proceeding Name: _____ vs. _____

Hearing Judge: **B. Russell**             ☐ Courtroom #: **LA 1668**   ☐

**TRANSCRIBER:** **Briggs Reporting**      **ALTERNATE:** **SELECT**
(Select from the Court-approved list of Transcription Service Providers. This provider will contact you regarding payment)

**341(a) MEETING OF CREDITORS:** The Meeting of Creditors is recorded by the Trustee. **DO NOT USE THIS FORM.** For *341(a) Recording Request Procedures*, visit the U.S. Trustee website www.justice.gov/ust/r16

| Transcript Type: | **NOTE:** The Court is not responsible for determining if a hearing has been previously transcribed. Check the case docket to determine if a filed transcript already exists or is being transcribed before filing this form. |
|---|---|

**Copy of Existing Transcript:** Contact the transcriber directly for a copy.

☒ Ordinary (30 days)     ☐ 3 Days          ☒ Entire Hearing
☐ 14 Days               ☐ Daily (24 hours)  ☐ Ruling/Opinion of Judge only
☐ 7 Days                                    ☐ Testimony of Witness _____
                                            ☐ Other* _____ (name of witness)

**ORIGINAL**

*Special Instructions: **Both Proceedings DQ of Barry Russell and OSC hearing**

Transcript due dates are computed from the date the deposit is received by the Transcriber. The cost of a transcript varies for each type. See *Transcript Ordering Instructions. Transcript Costs/Forms of Payment.*

### TO BE COMPLETED BY THE COURT

☐ **Judge Ordered Transcript**: Clerk must docket this form; CM/ECF will automatically notify Procurement.

Date Request Filed: _____ Date Sent to Transcriber: _____ By ☐FDS ☐Mail ☐Messenger

Digital Recording (or Analog Tape Recording)

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

Court Recorder: _____Division: _____Processed by: _____

### **TRANSCRIBER INSTRUCTIONS

Judge-ordered transcripts: email price quote & invoice to procurement@cacb.uscourts.gov. Provide quote prior to transcribing.

*Rev. November 2018. This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.*

# 12

# EXHIBIT

# F

**IVAN RENE MOORE
1236 REDONDO BLVD.,
LOS ANGELES, CA 90019
(323) 932-9439**

June 15th, 2022

**United Stated District Court Clerk for {Hon} Stephen V. Wilson
255 East Temple Street
Los Angeles, CA 90012-3332**

**Attn: District Court Clerk for Judge Wilson**

**Re: OSC filed on June 10th ,2022 Case # 2:22-cv-02973 issued by {Hon} Stephen V. Wilson:**

Dear Court Clerk:

      I received an OSC from Judge Wilson Re: Dismissal for failing to file certain documentation as required by the Federal Rules of Court. The information provided to Judge Wilson is incorrect and erroneous. I did in fact, timely file all the required documentation per the Federal Rules of Court: See attached Court Order dated June 10th, 2022

      Please see attachments all with United States Bankruptcy stamp stating filed and or received:

1. The Designation of Record was filed on May 3, 2022, Docket# 269.

2. Statement of issues on Appeal was filed on May 3, 2022, Docket# 270.

3. The Notice of transcript(s) was filed on May 3, 2022, Docket# 272.


      Would you be so kind to alert and or inform Judge Stephen Wilson that this Appellant Ivan Rene Moore, did in fact timely file all the required documentation in this Appeal. I spoke to one of the court persons who informed me that the Briefing schedule would be forth coming. Therefore, I am waiting for the Court to issue a Briefing Schedule in this matter for the filing of this Appellant's Opening Brief. If you have any questions, please do not hesitate to call the above telephone number.

Best Regards

Ivan Rene Moore
Appellant in Pro Se

*# 13*

Case 2:22-cv-02973-SVW Document 13 Filed 07/05/22 Page 26 of 23 Page ID #:239
Case: 22-557A, 12/19/2022, ID 132, DktEntry: 5, Page 54 of 87
Case 2:22-cv-02973-SVW Document 10 Filed 06/10/22 Page 1 of 1 Page ID #:217

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| **Case No.** | 2:22-cv-02973-SVW | | **Date** | June 10, 2022 |
| **Title** | In Re Kimberly Martin-Bragg | | | |

---

**Present: The Honorable**  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION

Within fourteen days after filing the notice of appeal, Appellant must file the following with the Clerk of the Bankruptcy Court:

A designation of record
A statement of issues on appeal
A notice regarding the ordering of transcripts

After the designated record is complete, the Clerk of the Bankruptcy Court will transmit to the Clerk of the District Court either the record for this appeal or notice that the record is available electronically. The Clerk of the District Court will then issue a Notice Re: Bankruptcy Record Complete, which will constitute notice, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received by the District Court.

The file in this case lacks the papers that would show it is being timely prosecuted. Accordingly, the Court, on its own motion, hereby orders plaintiff(s) to show cause in writing no later than June 17, 2022 why this action should not be dismissed as to all remaining defendants for lack of prosecution.

#14

| | : |
|---|---|
| Initials of Preparer | PMC |

CV-90 (06/04)                           CIVIL MINUTES - GENERAL                           Page 1 of 1

1   **IVAN RENE MOORE**
    1236 Redondo Blvd
2   Los Angeles California 90019
    (323) 932-9439
3   Creditor In Pro Se

4

5

6                    UNITED STATES BANKRUPTCY COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8

9                                    )   Chapter 7
    In re:                           )
10                                   )   Case No.: 2:16-bk-22878-BR
                                     )
11  KIMBERLY MARTIN BRAGG (AKA)      )   [Judge Barry Russell]
    KIMBERLY BARBOUR,                )
12                *Debtor*            )
                                     )
13  _____)   **APPELLANTS' DESIGNATION OF**
                                     )   **RECORD AND STATEMENT OF**
14                                   )   **ISSUES TO BE PRESENTED ON**
                                     )   **APPEAL**
15                                   )
                                     )   Date:  **TBD**
16                                   )   Time:  **TBD**
                                     )   Place: **Room 1668**
17                                   )
                                     )
18                                   )
                                     )
19                                   )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )
                                     )
26                                   )
                                     )
27                                   )

28

FILED

MAY - 3 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

ORIGINAL

# 15

1  | **IVAN RENE MOORE**
   | 1236 Redondo Blvd
2  | Los Angeles California 90019
   | (323) 932-9439
3  | Creditor In Pro Se
4
5
6  | UNITED STATES BANKRUPTCY COURT
7  | CENTRAL DISTRICT OF CALIFORNIA
8
9  | In re:                                     ) Chapter 7
10 |                                            ) Case No.: 2:16-bk-22878-BR
11 | **KIMBERLY MARTIN BRAGG (AKA)**           )
   | **KIMBERLY BARBOUR,**                      ) [Judge Barry Russell]
12 |             *Debtor*                       )
13 | _____           ) **APPELLANTS' DESIGNATION OF**
   |                                            ) **RECORD AND STATEMENT OF**
14 |                                            ) **ISSUES TO BE PRESENTED ON**
   |                                            ) **APPEAL**
15 |                                            )
16 |                                            ) Date:  **TBD**
   |                                            ) Time:  **TBD**
17 |                                            ) Place: **Room 1668**
18 |                                            )
19 |                                            )
20 |                                            )
21 |                                            )
22 |                                            )
23 |                                            )
24 |                                            )
25 |                                            )
26 |                                            )
27 | _____           )
28

**FILED**
MAY - 3 2022
CLERK U.S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

**ORIGINAL**

# 16

**RECEIVED**

**MAY 03 2022**

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
By: _____ Deputy Clerk

ORDER No. _____

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### TRANSCRIPT ORDER FORM

CHAPTER **7**

APPEAL? ☒Yes ☐No
APPEAL No. _____
_(if known)_

(File this form on the related case docket)

Ordering Party's Name: **Ivan Rene Moore** _____ Attorney Bar# **Pro Se**

Law Firm: _____

Mailing Address: **1236 Redondo Blvd Los Angeles, California 90019** _____

Person to Contact (If Judge-ordered: Transcriber to contact Procurement**): **Ivan Rene Moore**

Telephone: (**323** )**932-9439** E-mail: **moore140@hotmail.com**

Bankruptcy Case #: **2:16-bk-22878-BR** _____ Adversary Proceeding #/MP #: _____

Date of Hearing (complete a SEPARATE form for EACH hearing date): **4/19/22** Time: **2:00 pm**

Debtor: **Kimberly Martin Bragg (aka) Kimberly Barbour** _____

Adversary Proceeding Name: _____ vs. _____

Hearing Judge: **B. Russell** _____ ☒ Courtroom #: **LA 1668** ▾

**TRANSCRIBER:** **Briggs Reporting** _____ **ALTERNATE:** **SELECT**
(Select from the Court-approved list of Transcription Service Providers. This provider will contact you regarding payment)

**341(a) MEETING OF CREDITORS:** The Meeting of Creditors is recorded by the Trustee. **DO NOT USE THIS FORM.** For _341(a) Recording Request Procedures_, visit the U.S. Trustee website www.justice.gov/ust/r16

| Transcript Type: | **NOTE:** The Court is not responsible for determining if a hearing has been previously transcribed. Check the case docket to determine if a filed transcript already exists or is being transcribed before filing this form. |
|---|---|
| | **Copy of Existing Transcript:** Contact the transcriber directly for a copy. |

☒ Ordinary (30 days)  ☐ 3 Days        ☒ Entire Hearing
☐ 14 Days             ☐ Daily (24 hours) ☐ Ruling/Opinion of Judge only
☒ 7 Days                                ☐ Testimony of Witness _____
                                        ☐ Other* _____ (name of w...

**ORIGINAL**

*Special Instructions: **Both Proceedings DQ of Barry Russell and OSC hearing** _____

Transcript due dates are computed from the date the deposit is received by the Transcriber. The cost of a transcript varies for each type. See _Transcript Ordering Instructions, Transcript Costs/Forms of Payment._

### TO BE COMPLETED BY THE COURT

☐ **Judge Ordered Transcript**: Clerk must docket this form; CM/ECF will automatically notify Procurement.

Date Request Filed: _____ Date Sent to Transcriber: _____ By ☐FDS ☐Mail ☐Messenger

Digital Recording (or Analog Tape Recording)

(Tape #:___)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

(Tape #:___)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

Court Recorder: _____ Division: _____ Processed by: _____

### **TRANSCRIBER INSTRUCTIONS

Judge-ordered transcripts: email price quote & invoice to procurement@cacb.uscourts.gov. Provide quote _prior_ to transcribing.

_Rev. November 2018. This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California._

#17

# EXHIBIT

# **C**

46

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                              ) Case No. BC 480013
                                              )
                                              )
            Plaintiff,                        )
                                              )
                                              ) Special Verdict-Trespass
v.                                            ) to Chattel
                                              )
                                              )
KIMBERLY MARTIN-BRAGG,                        )
            Defendants                        )
_____)

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓

BY JEFF W. LIPP, DEPUTY

08/02/2013

We answer the questions submitted to us as follows:

    1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

        (a) Clothing, shoes, kitchen equipment and other personal property?
           12 Yes ___0___ No

        (b) Piano?
         __12__ Yes __0__ No

        (c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
          __12__ Yes __0__ No

        (d) Recording Console SSL K?
         __12__ Yes __0__ No

        (e) Music, Sound and Recording Equiptment?
         __12__ Yes __0__ No

        (f) Musical Instruments?
         __12__ Yes __0__ No

        (g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
          __0__ Yes 12 No

        (i) Masters?
         __12__ Yes 0 No

    If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2. Did KIMBERLY MARTIN-BRAGG intentionally interfere with IVAN RENE MOORE's use or possession of any of IVAN RENE MOORE's property or damage his property ?

        __12__ Yes __0__ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

__0__ Yes __12__ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

__12__ Yes __0__ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

__12__ Yes __0__ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?
          a. For the fair market value of the property:

$ __2.5 million__
(2,500,000)

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

__12__ Yes __0__ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?
Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camarro legal documents

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further questions and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced? $ __2.5 million__

Signed: _____
              Presiding Juror

Dated: **7/29/2013**

    After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

# EXHIBIT

# **D**

40

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                                    ) Case No. BC 480013
                                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
                                                    ) Special Verdict-Conversion
          v.                                        )
                                                    )
                                                    )
KIMBERLY MARTIN-BRAGG,                              )
          Defendants                                )
_____ )

# FILED
**LOS ANGELES SUPERIOR COURT**

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓

BY JEFF W. LIPP, DEPUTY

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
12 Yes 0 No

(b) Piano?
12 Yes 0 No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
12 Yes 0 No

(d) Recording Console SSL K?
12 Yes 0 No

(e) Music, Sound and Recording Equiptment?
12 Yes 0 No

(f) Musical Instruments?
12 Yes 0 No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
0 Yes 12 No

(i) Masters?
12 Yes 0 No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally and substantially interfere with any of IVAN RENE MOORE's property by [[taking possession of/preventing IVAN RENE MOORE from having access to, or destroying, or refusing to return] any of items to chich you checked "yes" in question 1 after IVAN RENE MOORE demanded its return]?

12 Yes 0 No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

__O__ Yes __12__ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

__12__ Yes __O__ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

__12__ Yes __O__ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?

a. For the fair market value of the property:

$ 2.5 million
(2,500,000)

b. For lost profits:

$ 650,000

TOTAL $ 3,150,000

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

__12__ Yes __O__ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, Shoes, Kitchen equipment, Personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camaro

personal document

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further question

and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced? $ 2.5 million

Signed: _____

Presiding Juror

Dated: 7/29/2013

After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

# EXHIBIT

# **E**



SUPERIOR COURT OF THE STATE OF CALIFORNIA **NOV 08 2013**

FOR THE COUNTY OF LOS ANGELES Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

| | |
|---|---|
| IVAN RENE MOORE, | ) Case No. BC480013 |
| | ) |
| Plaintiff, | ) Interlocutory |
| | ) Judgment |
| v. | ) |
| | ) |
| KIMBERLY MARTIN-BRAGG | ) |
| Defendant. | ) |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded. The

1

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a ) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c ) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property:  $2.5 million ($2,500,000.00)

b. For lost profits:                        $650,000

Total:                                      $3,150,000

2

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a? YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned? Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced? $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a ) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano: YES

(c ) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment? YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters? YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm? YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property: $2.5 million ($2,500,000.00)

3

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a? YES

    8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned? Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

    9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced? $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

    1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a ) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c ) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

    2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

    3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property? YES

    4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore? NO

4

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

5

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property. However, the judgment is enforceable.

Dated: November 8, 2013

**MICHELLE R. ROSENBLATT**

Michelle R. Rosenblatt, Judge

6

# EXHIBIT

# **F**

Filed 9/8/17 Moore v. Martin-Bragg CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| IVAN RENE MOORE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLY MARTIN-BRAGG,<br><br>Defendant and Appellant. | B276366<br><br>(Los Angeles County<br>Super. Ct. No. BC480013) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt and Michael M. Johnson, Judges. Affirmed.

Ivan Rene Moore, in pro per., for Plaintiff and Respondent.

Thomasina M. Reed, The Newell Law Firm, Felton T. Newell, for Defendant and Appellant.

# EXHIBIT

# G

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfiornia 90019<br><br>TELEPHONE NO.: 323 932 9439  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| WRIT OF POSSESSION ☑ AFTER HEARING ☐ EX PARTE | CASE NUMBER:<br>BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles



YOU ARE DIRECTED:

1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

   (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*

   6150 Shenandoah Ave, Los Angeles Calif 90056
   6160 Shenandoah Ave, Los Angeles Calif 90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021     SHERRI R. CARTER, Clerk, by  T. HEATH , Deputy



(SEAL)

NOTICE TO DEFENDANT: The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
(Claim and Delivery)

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

1

**Attachment 25 E**
Judgement Order

2

3   **The Court grants Plaintiff IVAN RENE MOORE's request for return of**

4   **property and orders KIMBERLY MARTIN-BRAGG to return to IVAN**

5   **RENE MOORE'S clothing, shoes, kitchen equipment, personal property,**

6   **piano, SSLK console, masters, 71 Camaro, and personal legal documents**

7   **consistent with the evidence presented at trial.**

8

9    **This order provides that IVAN RENE MOORE is entitled to the return**

10   **of all of said property in KIMBERLY MARTIN-BRAGG'S possession or**

11   **control including that which is in storage.    KIMBERLY MARTIN-**

12   **BRAGG, her agents, and anyone acting on her behalf are ordered not to**

13   **sell, give away, damage or keep from IVAN RENE MOORE any of the**

14   **property that is ordered to be returned.    Kimber Martin-Bragg is**

15   **ordered to have the property returned to IVAN RENE MOORE**

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# **H**



Sheriff's Raid on 7/7/21
Debtor Resident
6150 Shenandoah Ave
Martin- Bragg- Barbour

# EXHIBIT

# **I**



Sheriff's Raid on 7/7/21 found automobile Debtor Bragg claimed she had no knowledge of the location of the automobile. LASD found at the Debtor Resident on 7/7/21 at 6150 Shenandoah Ave Martin- Bragg- Barbour

# EXHIBIT

# **J**



Sheriff's Raid on 7/7/21
Debtor Resident
6150 Shenandoah Ave
Martin- Bragg- Barbour

# EXHIBIT

# **K**



Sheriff's Raid on 7/7/21
Debtor Resident
6150 Shenandoah Ave
Martin- Bragg- Barbour